PHILLIP A. TALBERT
Acting United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW MICHAEL ALONSO,<br><br>　　　　　　Defendant. | Case No: 1:21-CR-00217-NONE-SKO<br><br>STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER AND CERTIFICATION<br><br>Ctrm:　　　　7<br><br>Hon.　　　　Sheila K. Oberto |

　　　　This case involves charges related to the sexual exploitation of a minor. The discovery in this case contains private personal information regarding third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information). The case also involves images that might constitute depictions of a minor engaged in sexually explicit conduct that the government is not authorized to reproduce and the defense is not legally entitled to possess.

1

As a result, defendant ANDREW ALONSO, by and through his counsel of record, Dan Harralson (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case including digital evidence and contraband.

3. The Department of Homeland Security Investigations (HSI) shall make a duplicate copy of any storage media containing contraband available for defense analysis. If requested, the defendant shall be responsible for providing a drive(s) onto which evidence is copied.

4. The duplicate copy of the digital evidence shall be made available for defense counsel, Dan Harralson, for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant=s defense.

5. Defense counsel shall not remove any hard drive(s) or other storage media from the HSI office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the defense may download and remove files or portions of files, provided the forensic integrity of the electronic device(s) is not altered. The defense will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the HSI premises by any means including any electronic transfer of files.

7. Except when a defense expert, if one is used, fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being

2

converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of any storage device(s) the device(s) shall be "wiped" clean.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's attorneys, designated defense investigators, designated defense experts, and support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigators, and/or support staff. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery. The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

10. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government or certify that it has been shredded at the conclusion of the case.

11. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

12. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

13. In the event that defendant substitutes counsel, undersigned defense counsel agrees to

///

///

///

///

withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this order.

Dated: September 8, 2021          /s/ Dan Harralson
                                  Dan Harralson
                                  Attorney for defendant
                                  ANDREW MICHAEL ALONSO


Dated: September 8, 2021          PHILLIP A. TALBERT
                                  Acting United States Attorney

                                  /s/ David Gappa
                                  David Gappa
                                  Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW MICHAEL ALONSO,<br><br>　　　　　　Defendant. | Case No: 1:21-CR-00217-NONE-SKO |

## CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any image(s) of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____　　　　　　　　　　　_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANDREW MICHAEL ALONSO,<br><br>　　　　　Defendant. | Case No: 1:21-CR-00217-NONE-SKO<br><br>ORDER ON STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND CERTIFICATION<br><br>Ctrm:　　　　7<br><br>Hon.　　　　Sheila K. Oberto |

<u>ORDER</u>

　　　1.　　Defense counsel may permit the defendant to view documents in the presence of his attorney(s), defense investigator(s), and/or support staff.  The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery.  The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

　　　2.　　The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose.  The discovery is now and will forever remain the property of the United States of America (the government).  Defense counsel will return the discovery to

the government at the conclusion of the case.

3.  Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.  Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

4.  If requested, the Fresno Homeland Security Investigations (HSI) office shall make a duplicate copy of any hard drive(s) and any attendant storage media available for defense analysis.  The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

5.  The duplicate copy of the digital evidence shall be made available for defense counsel, and/or any proposed defense expert, to review at the Fresno HSI Office, or other location at the government's discretion, for the purpose of preparing for the defense of the above-entitled action.

6.  If retained, the expert will be permitted to bring whatever equipment, books, or records he or she believes necessary to conduct the examination.

7.  Neither the defense expert nor defense attorney shall remove any hard drive(s) or other storage media from the HSI or other law enforcement office.

8.  With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive(s) is not altered.  The expert will certify in writing that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the HSI or other law enforcement office by any means including any electronic transfer of files.

9.  Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis.  Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child

pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

10. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

11. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

DATED: 9/8/2021

/s/ Sheila K. Oberto
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE