PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00217-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION FOR WITHDRAWAL OF GUILTY PLEA AND ENTRY OF DIFFERENT GUILTY PLEA |
| v. | |
| ANDREW ALONSO, | DATE: January 13, 2025 |
| Defendant. | TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

This case is currently scheduled for sentencing on December 2, 2024. While preparing the presentence investigation report, the probation office identified a potential issue with how the parties resolved the case. After discussion, the parties have decided to permit the defendant to withdraw from the plea agreement he has entered and enter a new agreement. The only substantial difference between the agreements will be that the revised plea agreement will treat the charge under 18 U.S.C. 2260A as a separate offense rather than a sentencing enhancement. The other parameters for sentencing will remain the same, but the probation office believed that this would be a better resolution and more consistent with other cases with the same charged offenses. The proposed date is the first date on which the parties and the court will all be available. The parties do not believe that the Speedy Trial Act will be implicated because the defendant has pleaded guilty and will again plead guilty under a new agreement if he is permitted to withdraw from the current plea agreement.

Accordingly, Plaintiff United States of America, by and through its counsel of record, and

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter has been scheduled for sentencing on December 2, 2024. The parties and probation office have discussed a possible issue with how the plea agreement was structured and seek to avoid any potential issues by having the defendant withdraw from the current plea agreement and immediately enter a revised agreement. The defendant intends to plead guilty to the same charges in the indictment.

2. By this stipulation, the parties have agreed to a next court date of January 13, 2025. The defendant will enter a revised plea agreement on that date. It is the first date after December 2, 2024, on which the court and the parties are all available.

3. The parties have agreed that this stipulation and proposed new hearing date will not implicate the Speedy Trial Act, since the defendant has pleaded guilty and is currently scheduled for a sentencing hearing. But to the extent it is necessary, the parties agree that the Court can exclude time under the Speedy Trial Act under 18 U.S.C. §§ (h)(7)(A), (h)(7)(B)(i) and (iv).

4. Based on this stipulation, the parties request that the Court issue the attached proposed order.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  November 29, 2024 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ David Gappa<br>DAVID L. GAPPA<br>Assistant United States Attorney |
| Dated:  November 29, 2024 | /s/ Patrick Aguirre<br>Patrick Aguirre<br>Counsel for Defendant<br>ANDREW ALONSO |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

## [~~PROPOSED~~] FINDINGS AND ORDER

The court has reviewed and considered the stipulation filed by the parties on November 29, 2024, and also reviewed the record of this case.

IT IS HEREBY ORDERED that the sentencing hearing scheduled for December 2, 2024, is vacated.

IT IS FURTHER ORDERED that the case is scheduled for a change of plea hearing on January 13, 2025, at 9:00 am.

IT IS FURTHER ORDERED that the time period between December 2, 2024, and January 13, 2025, inclusive, is deemed excludable under 18 U.S.C. § § 3161(h)(1)(G), (7)(A), (h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's findings, based on the reasons stated in the parties' stipulation, that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 2, 2024**

UNITED STATES DISTRICT JUDGE